UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY A. RAYESKI,

                                                                                                            DECISION AND ORDER

                        Plaintiff,

                                                                                                            22-CV-6403DGL

                        v.

LOUIS DEJOY, Postmaster General,

                        Defendant.
_____

       Plaintiff Kimberly A. Rayeski filed the complaint in this action *pro se*, along with a motion for leave to proceed *in forma pauperis* ("IFP"), on September 21, 2022. Plaintiff, who at all relevant times worked as a customer service supervisor at the Addison, New York post office, alleged in the complaint that she had been discriminated against and harassed on account of her sex and in retaliation for her complaints about discrimination and harassment. She named a single defendant, Postmaster General Louis DeJoy.

       On October 12, 2023, the Court issued a Decision and Order (Dkt. #4) granting plaintiff's motion to proceed IFP, and denying her motion for assignment of counsel. The Court also directed the Clerk of the Court "to file plaintiff's papers without payment of fees and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendant without plaintiff's payment therefor ... ." *Id.* at 3.

       Summonses were issued as to Louis DeJoy, the United States Attorney and the United States Attorney General on October 13, 2023. On January 24, 2024, the summons issued as to

DeJoy was returned unexecuted.[1]  (Dkt. #5).  There are no docket entries indicating service on the U.S. Attorney or the Attorney General.

On June 7, 2024, defendant filed a motion (Dkt. #8) to dismiss the complaint pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure, for failure to properly or timely serve process on defendant.  Thereafter, attorney Anthony P. Consiglio entered a notice of appearance on behalf of plaintiff.  (Dkt. #10.)  Through her newly-retained counsel, plaintiff has filed a response in opposition to defendant's motion to dismiss.  (Dkt. #11.)[2]  Defendant has filed a reply.  (Dkt. #12.)

**DISCUSSION**

To serve a federal officer or employee in his official or individual capacity, a plaintiff must serve both the United States and the officer or employee.  Fed. R. Civ. P. 4(I).  To serve the United States, a plaintiff must send by registered or certified mail a copy of the summons and complaint both to the United States Attorney General and to the United States Attorney for the district in which the action is brought.  *Id.*

---

[1] The process return form stated under "Remarks" that the summons was sent by certified mail on October 24, 2023, but that "[n]otice and acknowledgment of receipt of summons and complaint by mail was not returned on 1/24/2024."  (Dkt. #5 at 1.)

[2] Plaintiff's memorandum of law is captioned as a response "in opposition to defendant's motion to dismiss and in support of plaintiff's cross motion for an extension of time to complete service of process."  (Dkt. #11 at 1.)  Plaintiff has not, however, filed a separate cross-motion or notice of cross-motion for an extension of time.

Since defendant has filed a reply to plaintiff's memorandum of law (Dkt. #12), and because the Court is fully apprised of the relevant facts and the parties' positions, little purpose would be served by requiring plaintiff to serve a formal notice of motion, and defendant to file a response.  The Court will therefore treat plaintiff's response as a cross-motion for an extension of time.

Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While a showing of good cause makes an extension of time mandatory, "a district court has wide latitude in deciding when to grant extensions absent good cause." *Mares v. United States*, 627 F.App'x 21, 23 (2d Cir. 2015) (citing *Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007)). Factors relevant to the exercise of this discretion include the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a "justifiable excuse" for the failure to effect service. *See Zapata*, 502 F.3d at 197-99. *See*, *e.g.*, *Wallace v. Morse*, No. 23-CV-6428, 2024 WL 1116805, at *2 (W.D.N.Y. Mar. 14, 2024) (concluding that the relevant factors favored an extension of time, "[i]n light of Plaintiff's *pro se* status, the absence of prejudice to [defendant], and the potential timeliness issues that Plaintiff would face if his complaint were to be dismissed").

In the case at bar, plaintiff states in a declaration (Dkt. #11-1) that based on the Court's October 4, 2023 Decision and Order granting IFP status and directing service by the United States Marshal, she did not believe that any further action was required on her part to effect service. She states that she was unaware that anything was amiss until she received a copy of defendant's motion to dismiss. *Id.* ¶¶ 7, 8.

In his reply, defendant notes that in a letter to the Court dated February 14, 2024 (Dkt. #6), which the Court treated as a renewed motion to appoint counsel (which was denied),

plaintiff stated that she "did receive a letter stating that the summons from the Court Marshal's office was unanswered in the 60 days aloud [sic]." Defendant contends that this belies plaintiff's assertion that she was unaware that service had not been properly effected until she received notice of defendant's motion to dismiss.

As this Court has previously stated, "a *pro se* litigant proceeding *in forma pauperis* [is] entitled to rely on service by the United States Marshals Service." *Lenhard v. Colorgraphics of Rochester*, No. 15-cv-6166, 2015 WL 5022386, at *2 (W.D.N.Y. Aug. 24, 2015). In addition, "the Court has an 'obligation ... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *G4 Concept Mktg., Inc. v. Mastercard Int'l*, 670 F.Supp.2d 197, 199 (W.D.N.Y. 2009) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Although plaintiff may have been made aware in January 2024 that the summons for DeJoy had been returned unexecuted, it is also apparent from her February 14 letter that she did not appreciate the significance of that; she asked in the letter, "Do I still need to retain an attorney because no matter what we will go to trial? Or will a judgement be filed anyway because of a non-answer?" (Dkt. #6 at 1.) Plaintiff seemed to think, then, that judgment might be entered in her favor due to defendant's failure to appear in the action.

Having considered the relevant factors, the Court concludes that although plaintiff may not have shown "good cause" for her failure to effect service, she should be granted an extension of time to do so. Prior to the filing of defendant's motion to dismiss, plaintiff was representing herself in this action, and it is evident that she genuinely if mistakenly believed that she did not need to take any action in regard to service of process following the issuance of the Court's

October 12, 2023 Decision and Order. If anything, she may have thought that defendant's failure to answer the complaint might result in judgment being entered in her favor.

In addition, defendant has not shown that he will be prejudiced by the Court's granting of an extension of time to effect service. Since defendant has moved to dismiss, he has obviously been aware of this lawsuit for some time. For that matter, plaintiff filed an administrative complaint against the United States Postal Service in 2018 (Dkt. #1 at 8), and the Equal Employment Opportunity Commission issued decisions adverse to plaintiff in 2022 (Dkt. #1 at 11), so defendant can hardly claim to have been caught off guard by this action. In light of all these factors, the Court will grant plaintiff an extension of time to effect service, as set forth in the Conclusion to this Decision and Order.

## CONCLUSION

Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) is denied.

Pursuant to Fed. R. Civ. P. 4(m) and in the exercise of the Court's discretion, plaintiff is granted an extension of time to effect service upon defendant. Plaintiff must effect service on defendant in compliance with Fed. R. Civ. P. 4(I) no later than **August 30, 2024.**

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 29, 2024.